HARALSON, MILLER, PITT & McANALLY, P.L.C.
(A PROFESSIONAL LIMITED LIABILITY COMPANY COMPRISED OF
DALE HARALSON, P.C. AND MILLER, PITT & MCANALLY, P.C.)
ONE SOUTH CHURCH AVENUE, SUITE 900
TUCSON, ARIZONA 85701-1620
(520) 792-3836
FAX (520) 624-5080
WWW.HMPMLAW.COM

MILLER, PITT & McANALLY, P.C.
G. EUGENE ISAAK
GERALD MALTZ
T. PATRICK GRIFFIN
PHILIP J. HALL
THOMAS G. COTTER
LINDSAY BREW
ARMANDO RIVERA
GUS ARAGÓN, JR.
CAROLE A. SUMMERS
BRADLEY P. MILLER
TRACI L. RICCITELLO

DALE HARALSON, P.C.
DALE HARALSON
JOHN P. LEADER

OF COUNSEL
RICHARD L. MCANALLY
JANICE A. WEZELMAN
GRACE MCILVAIN

RETIRED
ROBERT F. MILLER
DONALD PITT

BARRY N. AKIN
(1939-1986)

October 3, 2000

Gary Watson
Purchasing and Contracting Board (B-215)
2010 Henderson Road
Quantico, VA 22134

*Re: Contract No. M00264-99-C-0003*
*Lan-Dale Co.*

Dear Mr. Watson:

Our firm represents Lan-Dale Company. We write to you as the designated contracting officers of the above-referenced contract pursuant to Section G-1. Our client is unable to obtain performance of the contract by the United States of America.

For nearly a decade, Lan-Dale has been trying to obtain performances of a contact entered into with the United States of America in the early 1990's. On January 18, of this year, th- referenced contract was executed to resolve that issue.

Under the terms of the January 18 agreement, Lan-Dale received several exchange items. These items were transferred to Lan-Dale "as is where is" and Lan-Dale was required to remove them from military property within 60 days of the issuance of bills of sale. Risk of loss from damage to the items passed to Lan-Dale on the effective date of the contract. Lan-Dale has received bills of sale for the items.

Pursuant to the contract Lan-Dale received and removed "as is where is" T-39 (Bu No. 157354) and T-39 (Bu No. 140908) at MCAS Cherry Point.

Lan-Dale has fully performed its obligations under the agreement.

HARALSON, MILLER, PITT & McANALLY, P.L.C.



On May 30, 2000, Lan-Dale tendered a check in the amount of $13,030 to Davis-Monthan for release of five engines that were included in the exchanged property. This was based on an "estimate" of 202.5 man hours to remove the engines. Lan-Dale took possession of the engines on June 23. The total of man hours that were actually expended in removal of the engines was 19.

For several months, Lan-Dale has been attempting, without success, to obtain the remainder of the exchange property consisting of five T-39 airplanes (Bu Nos. 151336, 150543, 150547, 150969, and 150548) from Davis-Monthan. Davis-Monthan refuses to deliver them in accordance with the terms of the contract and insists on unilateral material alterations of the terms of the contract.

First, Davis Monthan insists on removing a number of items from the aircraft. Since the items were attached to and part of the airplanes when they were sold "as is where is" to Lan-Dale ,the items on the list are now its property and are no longer the property of the government. The removal of the items is a breach of the contract. It is also a tort, namely conversion.

Davis Monthan has been told that no items are to be removed from the aircraft (see Exhibit 1) but continues to insist on removing the property.

If this were not bad enough, Davis Monthan insists that Lan-Dale pay its personnel to remove the parts from the planes.

The actions of Davis Monthan are a material breach of the contract. There was an agreed upon exchange of property without monetary compensation. Davis Monthan's actions significantly reduce the value of the property below the agreed exchange and requires Lan-Dale to pay monetary compensation.

Lan-Dale has attempted to obtain delivery of the airplanes by tendering the remaining balance of $21,999 as referenced in Mr. Starn's letter of June 6 ($35,029 less $13,030 paid for estimated costs of delivery of engines). That tender has been refused. This office is in possession of funds in the account of Lan-Dale sufficient to pay this balance and will tender same upon receipt of notice that the government is prepared to comply with the contract.

HARALSON, MILLER, PITT & McANALLY, P.L.C.

Gary Watson
October 3, 2000
Page 3

Lan-Dale has altered its position in reasonable reliance upon the promise of the government to deliver the airplanes. Continued refusal by the government to perform places Lan-Dale in immediately jeopardy of loss of valuable contracts. These damages are direct and readily foreseeable from the government's breach of the contract.

As contracting officers we are requesting that you obtain performance of the contract by the government, and particularly by Davis Monthan. If you are unable to obtain performance of the contract by the government, we would like to be informed in writing of that fact and any reasons for it.

If the government wishes to renegotiate the terms of the agreement and allow the removal of the listed items, Lan-Dale is prepared to discuss the matter. Lan-Dale would expect that the removal would be entirely at the cost of the government.

Sincerely

HARALSON, MILLER, PITT & McANALLY, P.L.C.

Lindsay Brew

cc James Yohn
John A. Dietrich
Lt. Col. R. J. Sullivan, Head
Ken Smith-Christmas, Curator
Michael E. Starn, Aviation Curator
Tim Horm

304\00010.014\2000100308120400