THE LAW FIRM OF

KARP, HEURLIN & WEISS, P.C.

3060 NORTH SWAN ROAD, SUITE 100
TUCSON, ARIZONA 85712-1225

STEPHEN M. WEISS
BRUCE R. HEURLIN
LEONARD KARP
LAURA C. BELLEAU
GREGORY J. FOSTER
CYNDY A. VALDEZ
CHARLES R. HAMM
BRIAN A. LAIRD

TELEPHONE (520) 325-4200
FACSIMILE (520) 325-4224
WWW.KHAW-LAW.COM

MARY C. CLEMENTS
CERTIFIED PUBLIC ACCOUNTANT

May 6, 2002

Gary E. Watson
Head, Purchasing and Contracting Branch
Contracting Officer
United States Marine Corps
Marine Corps Base
2010 Zeilin Road
Quantico, Virginia 22134-5098

**Re: Breach of Contract: No. M00264-99-C-0003**
**Date of Contract: January 18, 2000**
**Contractor: The Lan-Dale Co.**

Dear Mr. Watson:

Attached is Lan-Dale's REVISED CLAIM, which constitutes Lan-Dale's Claim against the Contracting Officer. This REVISED CLAIM replaces Lan-Dale's original claim in its entirety, and Lan-Dale's original claim is hereby negated in its entirety.

Sincerely,

KARP, HEURLIN & WEISS, P.C.

Brian A. Laird

BAL/jrb
Enclosure
cc: Client
Lan-Dale Correspondence Watson 020506

THE LAW FIRM OF
KARP, HEURLIN & WEISS, P.C.

STEPHEN M. WEISS
BRUCE R. HEURLIN
LEONARD KARP
LAURA C. BELLEAU
GREGORY J. FOSTER
CYNDY A. VALDEZ
CHARLES R. HAMM
BRIAN A. LAIRD

3060 NORTH SWAN ROAD, SUITE 100
TUCSON, ARIZONA 85712-1225

TELEPHONE (520) 325-4200
FACSIMILE (520) 325-4224
WWW.KHAW-LAW.COM

MARY C. CLEMENTS
CERTIFIED PUBLIC ACCOUNTANT

May 6, 2002

Gary T. Watson
Contracting Officer
Purchasing and Contracting
2010 Zeilin Road
Quantico, VA 22134-5098

| | | |
|---|---|---|
| Re: | Breach of Contract: | No. M00264-99-C-0003 |
| | Dated: | January 18, 2000 |
| | Contractor: | The Lan-Dale Co. |

To the Contracting Officer:

This is Lan-Dale's REVISED CLAIM for breach of the above-referenced contract. This REVISED CLAIM and the accompanying certification are brought pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et. seq*. Lan-Dale requests that the Contracting Officer make a final determination of this REVISED CLAIM.

**INTRODUCTION**

For more than a decade Lan-Dale has been attempting to obtain performance by the government of contractual obligations. The government has failed to perform, first under its initial contract with Lan-Dale, then under the substitute Settlement Contract, pursuant to which the government sought to settle Lan-Dale's claims for the first breach. Now, the government has breached the Settlement Contract. Throughout the course of the government's dealings with Lan-Dale, agents of the government have repeatedly committed acts of nonfeasance, malfeasance, and fraud. These acts were in violation of government policies, rules, regulations, and DOD laws by which the agencies involved are bound.

**FACTUAL BASIS OF CLAIM**

Lan-Dale alleges that the Contracting Officer failed to administer the contract by not arranging for the release of items from their military locations in accordance with the terms and conditions of the contract. In support of its REVISED CLAIM for breach of contract, Lan-Dale relies on the following factual allegations:

1. On January 18, 2000, Lan-Dale was awarded Contract No. M00264-99-C-0003 (the Settlement Contract). *See* Exhibit "A", 1/18/00 Award/Contract.

2. The Settlement Contract was authorized by the government in settlement of Lan-Dale's Complaint for breach of contract and fraud related to Contract No. M00264-99-C-0003. *See* Exhibit "B", October 22, 1997 Complaint filed with the Armed Services Board of Contract Appeals.[1]

3. Lan-Dale fully performed all its obligations as of February 27, 1992.

4. The Underlying Claim arose from acts of deliberate malfeasance by Lt. Col. Carmen Dragotta and Col. A.J. Ponwitz, and was filed June 4, 1996. *See* Exhibit "C" June 4, 1996 claim to the Contracting Officer, the Underlying Claim.[2]

5. Following denial of the Underlying Claim by the Contracting Officer, Lan-Dale filed its Complaint. *See* Exhibits "B".

6. The Settlement Contract was negotiated by Thomas Hamilton, attorney for Lan-Dale, and John A. Dietrich, Senior Trial Attorney for the Department of the Navy on May 11, 1998, in Washington, D.C.

7. At the settlement conference Dietrich displayed, and subsequently furnished to Lan-Dale, color photographs of the interiors and exteriors of all the aircraft included in the Settlement Contract, confirming Lan-Dale's reasonable expectations as to what it was to receive. *See* Exhibit "D", color photocopies of photographs.

---

[1]The Settlement Contract was a substitute for Contract No. M00264-92-C-0010, dated February 13, 1992. *See* Exhibit "A", §C-1.1.3.

[2]An official U.S. Marine Corps investigation into the activities of Dragotta and Ponwitz found that Lan-Dale "may not have been dealt with fairly or equitably" and noted that "[s]hould the dispute become public through litigation, considerable embarrassment may be accrued by the Marine Corps."

8. The "as is, where is" condition of the aircraft and the release of the aircraft at no cost to Lan-Dale were memorialized in June 30, 1998 letter from Hamilton to Dietrich, a copy of which was sent to the Board. *See* Exhibit "E". Dietrich never objected to this confirming statement of the terms of the Settlement.

9. Under the Settlement Contract, the government agreed to provide Lan-Dale with the following items: (1) five aircraft engines; (2) one T-34B; and (3) six T-39s (five T-39Ds and one VT-39E) including log books for each item. The five T-39Ds at issue were identified in the Settlement Contract as follows:

| | | |
|---|---|---|
| 0001AB | T-39D BuNo | 151336 |
| 0001AC | T-39D BuNo | 150543 |
| 0001AD | T-39D BuNo | 150547 |
| 0001AE | T-39D BuNo | 150969 |
| 0001AF | T-39D BuNo | 150548 |

*See* Exhibit "A" at § B.

10. Under the Settlement Contract, the above-listed items were to be "delivered to Lan-Dale Co. 'AS IS, WHERE IS.'"

11. Under Section F-3 of the Settlement Contract, title to the above-listed items was to transfer to Lan-Dale upon execution of a Bill of Sale by the government.

12. The government provided Lan-Dale with Bills of Sale for the five T-39Ds dated February 7, 2000, pursuant to section F-3 of the Settlement Contract. *See* Exhibit "A" at 15-19 (attachments B through F).

13. Title to the T-39Ds passed to Lan-Dale upon receipt of the Bills of Sale.

14. Lan-Dale attempted to take possession of its property and subsequently remove its property from the military locations no later than March 15, 2000.

15. Upon presentation, the removal of the T-34B and VT-39E from Cherry Point was accomplished in accordance with the Settlement Contract "as is, where is" and at no cost to Lan-Dale, with the exception that the government refused to tender log books for these aircraft.

16. The government has refused to provide Lan-Dale with the five T-39Ds identified as follows:

| | | |
|---|---|---|
| 0001AB | T-39D BuNo | 151336 |
| 0001AC | T-39D BuNo | 150543 |
| 0001AD | T-39D BuNo | 150547 |
| 0001AE | T-39D BuNo | 150969 |
| 0001AF | T-39D BuNo | 150548 |

*See* Exhibit "A" at § B.

17. The Contracting Officer's failure to administer the Settlement Contract and arrange for the government's release of the T-39Ds as promised was breach of the Settlement Contract.

**SUM CERTAIN**

As compensation for Lan-Dale's damages for breach of the Settlement Contract described above, Lan-Dale demands the government pay the following sum certain:

| | |
|---|---|
| Five T-39Ds: | 275,000.00[3] |
| Lost profits: | 7,687,670.00[4] |
| Attorneys fees: | 44,268.17 |
| | $8,006,938.17 |

Dated May 6, 2002

KARP, HEURLIN & WEISS

Bruce R. Heurlin
Brian A. Laird

Dated MAY 6, 2002

Anthony J. D'Alessandris

[3]The values established by the government are $50,000 each for T-39Ds BuNo 151336, 150543, 150969, $55,000 for BuNo 150547, and $70,000 for BuNo 150548.

[4]$776,867.00 per year, per airplane, for two years.

## CERTIFICATION OF CLAIM

This certification is in reference to Lan-Dale Co.'s REVISED CLAIM to the Contracting Officer, dated May 6, 2002. I, Anthony J. D'Alessandris, am President of the Lan-Dale Co. Pursuant to 41 U.S.C. §§601-613, and FAR clause 52.233-1, "I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor."

Dated May 6, 2002,

Anthony J. D'Alessandris