# FEDERAL ACQUISITION REGULATION

33.101 Definitions.

As used in this subpart-

"Day" means a calendar day, unless otherwise specified. In the computation of any period-

(1) The day of the act, event, or default from which the designated period of time begins to run is not included; and

(2) The last day after the act, event, or default is included unless-

(i) The last day is a Saturday, Sunday, or Federal holiday; or

(ii) In the case of a filing of a paper at any appropriate administrative forum, the last day is a day on which weather or other conditions cause the closing of the forum for all or part of the day, in which event the next day on which the appropriate administrative forum is open is included.

"Filed" means the complete receipt of any document by an agency before its close of business. Documents received after close of business are considered filed as of the next day. Unless otherwise stated, the agency close of business is presumed to be 4:30 p.m., local time.

"Interested party for the purpose of filing a protest" means an actual or prospective offeror whose direct economic interest would be affected by the award of a contract or by the failure to award a contract.

33.201 "Claim" means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. A claim arising under a contract, unlike a claim relating to that contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under the Contract Disputes Act of 1978 until certified as required by the Act and 33.207.

"Misrepresentation of fact" means a false statement of substantive fact, or any conduct which leads to the belief of a substantive fact material to proper understanding of the matter in hand, made with intent to deceive or mislead.

33.204 Policy.

The Government's policy is to try to resolve all contractual issues in controversy by mutual agreement at the contracting officer's level. Reasonable efforts should be made to resolve controversies prior to the submission of a claim.

33.206 Initiation of a claim.

(a) Contractor claims shall be submitted, in writing, to the contracting officer for a decision within 6 years after accrual of a claim, unless the contracting parties agreed to a shorter time period. This 6-year time period does not apply to contracts awarded prior to October 1, 1995. The contracting officer shall document the contract file with evidence of the date of receipt of any submission from the contractor deemed to be a claim by the contracting officer.

(b) The contracting officer shall issue a written decision on any Government claim initiated against a contractor within 6 years after accrual of the claim, unless the contracting parties agreed to a shorter time period. The 6-year period shall not apply to contracts awarded prior to October 1, 1995, or to a Government claim based on a contractor claim involving fraud.

33.211 Contracting officer's decision.

(a) When a claim by or against a contractor cannot be satisfied or settled by mutual agreement and a decision on the claim is necessary, the contracting officer shall-

(1) Review the facts pertinent to the claim;

(2) Secure assistance from legal and other advisors;

(3) Coordinate with the contract administration office or contracting office, as appropriate; and

(4) Prepare a written decision that shall include a-

(i) Description of the claim or dispute;

(ii) Reference to the pertinent contract terms;

(iii) Statement of the factual areas of agreement and disagreement;

(iv) Statement of the contracting officer's decision, with supporting rationale;

(v) Paragraph substantially as follows:

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you

receive this decision; and

(vi) Demand for payment prepared in accordance with 32.610(b) in all cases where the decision results in a finding that the contractor is indebted to the Government.

(b) The contracting officer shall furnish a copy of the decision to the contractor by certified mail, return receipt requested, or by any other method that provides evidence of receipt. This requirement shall apply to decisions on claims initiated by or against the contractor.

(c) The contracting officer shall issue the decision within the following statutory time limitations:

(1) For claims of $100,000 or less, 60 days after receiving a written request from the contractor that a decision be rendered within that period, or within a reasonable time after receipt of the claim if the contractor does not make such a request.

(2) For claims over $100,000, 60 days after receiving a certified claim; provided, however, that if a decision will not be issued within 60 days, the contracting officer shall notify the contractor, within that period, of the time within which a decision will be issued.

(d) The contracting officer shall issue a decision within a reasonable time, taking into account-

(1) The size and complexity of the claim;

(2) The adequacy of the contractor's supporting data; and

(3) Any other relevant factors.

(e) The contracting officer shall have no obligation to render a final decision on any claim exceeding $100,000 which contains a defective certification, if within 60 days after receipt of the claim, the contracting officer notifies the contractor, in writing, of the reasons why any attempted certification was found to be defective.

(f) In the event of undue delay by the contracting officer in rendering a decision on a claim, the contractor may request the tribunal concerned to direct the contracting officer to issue a decision in a specified time period determined by the tribunal.

(g) Any failure of the contracting officer to issue a decision within the required time periods will be deemed a decision by the contracting officer denying the claim and will authorize the contractor to file an appeal or suit on the claim.

(h) The amount determined payable under the decision, less any portion already paid, should be paid, if otherwise proper, without awaiting contractor action concerning appeal. Such payment shall be without prejudice to the rights of either party.

33.214 Alternative dispute resolution (ADR).

(a) The objective of using ADR procedures is to increase the opportunity for relatively inexpensive and expeditious resolution of issues in controversy. Essential elements of ADR include-

(1) Existence of an issue in controversy;

(2) A voluntary election by both parties to participate in the ADR process;

(3) An agreement on alternative procedures and terms to be used in lieu of formal litigation; and

(4) Participation in the process by officials of both parties who have the authority to resolve the issue in controversy.

(b) If the contracting officer rejects a contractor's request for ADR proceedings, the contracting officer shall provide the contractor a written explanation citing one or more of the conditions in 5 U.S.C. 572(b) or such other specific reasons that ADR procedures are inappropriate for the resolution of the dispute. In any case where a contractor rejects a request of an agency for ADR proceedings, the contractor shall inform the agency in writing of the contractor's specific reasons for rejecting the request.

(c) ADR procedures may be used at any time that the contracting officer has authority to resolve the issue in controversy. If a claim has been submitted, ADR procedures may be applied to all or a portion of the claim. When ADR procedures are used subsequent to the issuance of a contracting officer's final decision, their use does not alter any of the time limitations or procedural requirements for filing an appeal of the contracting officer's final decision and does not constitute a reconsideration of the final decision.

(d) When appropriate, a neutral person may be used to facilitate resolution of the issue in controversy using the procedures chosen by the parties.

(e) The confidentiality of ADR proceedings shall be protected consistent with 5 U.S.C. 574.

(f)(1) A solicitation shall not require arbitration as a condition of award, unless arbitration is otherwise required by law. Contracting officers should have flexibility to select the appropriate ADR procedure to resolve the issues in controversy as they arise.

(2) An agreement to use arbitration shall be in writing and shall specify a maximum award that may be issued by the arbitrator, as well as any other conditions limiting the range of possible outcomes.

(g) Binding arbitration, as an ADR procedure, may be agreed to only as specified in agency guidelines. Such guidelines shall provide advice on the appropriate use of binding arbitration and when an agency has authority to settle an issue in controversy through binding arbitration.